2820 Selwyn Avenue, Suite 400, Charlotte, North Carolina 28209 • Phone 704.523.7777 • Fax 704.523.7780 • www.BrayLong.com



**BRAY & LONG, PLLC**
ATTORNEYS AT LAW

William P. Bray *
Jeffrey A. Long * †
Brendan G. Dillashaw
Charles J. Bridgmon *
Simon J. O'Brien
Carly M. Couch

\* Also licensed in South Carolina
† NC Superior Court Mediator &
Certified SC Circuit Court Mediator

May 7, 2021

**VIA US MAIL**
Mecklenburg County Courthouse
Clerk of Court – Civil Division
Post Office Box 37971
Charlotte, North Carolina 28237-7971

Re: **Heathrow on Harris Homeowner's Association v. Westfiled Insurance Co.**
*Mecklenburg County Case No. 21-CVS-_____*

Dear Sir or Madam:

Enclosed please find an original and a copy of a Civil Summons and Complaint for filing in the above-referenced matter. Also enclosed is a check in the amount of $200.00 for the filing fee. Please file the originals with the court and return the file-stamped copies in the enclosed self-addressed, stamped envelope.

Thank you for your assistance with this matter, and please do not hesitate to contact me with any questions or concerns.

Sincerely,

*Noelle Robertson*

Noelle G. Robertson
*Certified Paralegal*

Encl.

**EXHIBIT A**

| STATE OF NORTH CAROLINA | | File No. | |
|---|---|---|---|
| MECKLENBURG County | | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division | |

| Name Of Plaintiff | |
|---|---|
| HEATHROW ON HARRIS HOMEOWNERS ASSOCIATION | |
| Address | **CIVIL SUMMONS** |
| c/o Bray & Long, PLLC, 2820 Selwyn Avenue, Suite 400 | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| Charlotte       NC       28209 | G.S. 1A-1, Rules 3 and 4 |
| **VERSUS** | |
| Name Of Defendant(s) | Date Original Summons Issued |
| WESTFIELD INSURANCE COMPANY | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Westfield Insurance Company<br>c/o Mike Causey, NC Commissioner of Insurance<br>Albemarle Building, 325 N. Salisbury Street<br>Raleigh       NC       27603-5926 | |

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. **¡NO TIRE estos papeles!**
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time ☐ AM ☐ PM |
|---|---|---|
| Jeffrey A. Long<br>Bray & Long, PLLC<br>2820 Selwyn Avenue, Suite 400<br>Charlotte       NC       28209 | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| COUNTY OF MECKLENBURG | SUPERIOR COURT DIVISION |
| | 21-CVS-____ |
| HEATHROW ON HARRIS HOMEOWNER'S ASSOCIATION, a North Carolina corporation, | |
| Plaintiff, | **COMPLAINT** |
| | **[Jury Trial Demanded]** |
| v. | |
| WESTFIELD INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff Heathrow on Harris Homeowner's Association, complaining of Defendant Westfield Insurance Company, alleges and says as follows:

## PARTIES, JURISDICTION and VENUE

1. Heathrow on Harris Homeowners Association ("Plaintiff") is a North Carolina non-profit corporation with its principal place of business in Mecklenburg County, North Carolina.

2. Upon information and belief, Defendant Westfield Insurance Company ("Defendant") is a corporation organized under the laws of the State of Ohio; is authorized to conduct business in the State of North Carolina; and conducts substantial business activity in the State of North Carolina.

3. Venue is proper in Mecklenburg County.

4. This Court has jurisdiction over the parties and the subject matter hereto.

5. The amount in controversy exceeds $25,000.00.

## FACTUAL BACKGROUND

6. Plaintiff is the owner of certain common elements and limited common elements in the condominium development commonly referred to as "Heathrow On Harris" ("the Property").

7. Upon information and belief, Defendant is primarily in the business of issuing insurance policies, including policies protecting against damage and loss to real property.

8. Defendant issued Policy No. TRA 4 299 726 to Plaintiff ("the Policy").

1

9. Under the express, unambiguous terms of the Policy, Defendant agreed to insure Plaintiff against physical damage to the Property.

10. The broad scope of the Policy covers and includes adverse weather events, including hail and wind damage.

11. On or about July 20, 2018, Plaintiff suffered a "covered loss" as defined under the terms of the Policy.

12. Specifically, Plaintiff, by and through its agents, reported "widespread hail damage" throughout the Property, including damage that resulted in water intruding into a residence on the Property. ("the Initial Claim")

13. Defendant responded and paid for repairs associated with the Initial Claim.

14. Based upon the damage covered in the Initial Claim, Plaintiff retained a third party to conduct a thorough inspection of the Property, wherein it was discovered that other common elements and/or limited common elements throughout the Property exhibited hail damage similar to that discovered in the Initial Claim.

15. Damage throughout the Property included, without limitation, hail or "pock" marks on roofs, loss of shingle granules, exposed shingle mat, and indentation of bitumen mat ("the Second Claim").

16. The "damage" described by the Second Claim, and for which Plaintiff seeks coverage, is a covered loss per the Policy.

17. Plaintiff is informed, believes, and therefore alleges that the Policy does not exclude "cosmetic or latent" damage. Further, the Policy does not include the endorsement form CP 10 36 10 12, "Limitations on coverage for Roof Surface" typical of policies that exclude "cosmetic or latent" defects.

18. The type of damage at issue in the Second Claim is not subject to any exclusion or limitation set forth in the Policy.

19. Plaintiff has complied with all the terms and conditions of the Policy.

20. Moreover, Plaintiff, by and through its agents, has provided ample evidence that Defendant's efforts to deny the Second Claim are contrary to the objective facts, including without limitation: hail impact damage to soft metals; latent damage to various elevations throughout the Property; and proof of adverse weather events capable of damaging hail.

21. For instance, and not by way of limitation, when Plaintiff has demonstrated evidence of "cosmetic or latent damage," Defendant has refused coverage and contended there exists no evidence of damage. When Defendant is then confronted with objective evidence of "latent or cosmetic" damage, Defendant argues that no meteorological event in the area of the Property was recorded; therefore, the apparent damage is not a covered claim.

22. Additionally, Defendant has refused coverage for the Second Claim based on an "investigation" of the Property; however, a careful review of the alleged investigation reveals that Defendant's agent merely examined a small fraction (i.e., one square foot) of the thousands of square feet of roofing at the Property.

23. Plaintiff is informed, believes, and therefore alleges that Defendant's limited inspection of the Property is indicative of Defendant's desire to actively avoid a thorough inspection of the Second Claim.

24. In sum, Defendant keeps "moving the goalposts" on Plaintiff to avoid paying for the covered loss.

25. Despite the foregoing, Defendant refuses to accept the Second Claim for payment under the terms of the Policy.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

26. The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

27. The Policy is a contract entered into for good and valuable consideration.

28. Plaintiff has complied with the terms of the Policy.

29. Defendant has failed and refused to abide by the terms of the Policy; to wit, Defendant has failed to accept coverage for a "covered loss" (as defined in the Policy).

30. Defendant's conduct constitutes a breach of the Policy.

31. As a result of Defendant's breach, Plaintiff is entitled to recover damages in an amount to be proven at trial but believed to be at least $25,000.00.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment)

32. The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

33. The Policy is a writing capable of interpretation and declaration of certain rights, duties, and obligations that arise therefrom.

34. Plaintiff construes the Policy to compel Defendant to cover the Second Claim – as it did the initial Claim – and pay for the repair and/or replacement of certain common elements and/or limited common elements throughout the Property.

35. Defendant refuses to accept liability for the Second Claim and apparently contends it has no obligation to do so under the terms of the Policy.

36. A real, actual dispute exists as to the parties' relative rights, duties, and obligations for which this Court has jurisdiction per N.C.G.S. §1-253 *et seq*.

37. Plaintiff seeks a declaration that the Second Claim is covered by the Policy and Defendant is liable to pay for the damage, replacement, and/or repair required to remedy the Second Claim.

## THIRD CAUSE OF ACTION
### (Unfair Claims Practices/Unfair Trade Practices)

38. The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

39. Plaintiff has complied with all conditions of the Policy.

40. Defendant, on the other hand, has failed to exercise good faith in its efforts to evaluate the Second Claim; to wit, Defendant has:

   a. Failed to adopt and implement reasonable standards for the prompt investigation of Plaintiff's claim;

   b. Not acted in good faith to effectuate prompt, fair, and equitable settlement of Plaintiff's claim; and

   c. Misrepresented insurance policy provisions relating to coverage of Plaintiff's claim.

41. Defendant's conduct is "an unfair or deceptive act or practice in the business of insurance" as defined by N.C.G.S. § § 75-1.1 *et seq*. and 58-63-10.

42. Defendant's conduct, as descried in greater detail herein, violates N.C.G.S. § 58-63-15(11).

43. Plaintiff is entitled to recover treble damages and attorney's fees per N.C.G.S. §75-16 and 16.1, respectively.

4

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Heathrow on Harris Homeowner's Association prays the Court for the following:

1. Award Plaintiff damages for Defendant's breach of contract in an amount to be proven at trial, but believed to be at least $25,000.00;

2. Declare Plaintiff's rights under the Policy as construed by Plaintiff as set forth herein;

3. Award Plaintiff damages for Defendant's unfair trade/claims practices in an amount to be proven at trial, but believed to be at least $25,000.00;

4. Award Plaintiff treble damages and attorney's fees per N.C.G.S. § 75-16 and 16.1, respectively;

5. Tax all costs of this action against Defendant;

6. Any and all other relief the Court deems just and proper; and

7. A **trial by jury** on all issues so triable per Rule 38 of the North Carolina Rules of Civil Procedure.

This the 7 day of May, 2021.

BRAY & LONG, PLLC

_____
Jeffrey A. Long
N.C. Bar No. 28645
Charles J. Bridgmon
N. C. Bar No. 37887
2820 Selwyn Avenue, Suite 400
Charlotte, North Carolina 28209
704-523-7777 Telephone
704-523-7780 Facsimile
jlong@braylong.com
cbridgmon@braylong.com
*Attorneys for Plaintiff*

5